## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA (Harrisburg)

| | |
|---|---|
| IN RE:<br>MICHAEL JAMES WALKER<br>    Debtor | Case No. 1:25-bk-01554-HWV |
| Freedom Mortgage Corporation,<br>    Movant | Chapter 13 |
| vs.<br>MICHAEL JAMES WALKER<br>    And<br>KRISTEN DANIELLE TOME, (NON-FILING CO-DEBTOR)<br>    Respondents | 11 U.S.C. §362 and §1301 |

### STIPULATION IN SETTLEMENT OF MOTION
### VACATING RELIEF AND CO-DEBTOR RELIEF

It is hereby stipulated by and between Brock & Scott, PLLC, counsel for the Movant, Freedom Mortgage Corporation, and Michael A Cibik, Esquire, counsel for the Debtor, as follows:

1. This Stipulation pertains to the property located at 2320 Delta Rd, Brogue, PA 17309, mortgage account ending with "5337".

2. The Order Granting Relief from Stay and Co-Debtor Stay on November 17, 2025 (Doc. No. 40), is hereby vacated.

3. The parties agree that the new total post-petition arrearage consists of four (4) monthly payments for the months of August, 2025 through November, 2025 at $1,504.42 each, one (1) monthly payment for the month of December, 2025 at $1,541.62, less suspense in the amount of $1,116.16, resulting in the total post-petition arrearage amount of $6,443.14.

4. Within ten (10) days from the date that this stipulation is approved by the Court, Debtors agrees to amend the Chapter 13 Plan to include the aforementioned post-petition delinquency in the amount of $6,443.14, representing all arrearages, charges, fees and other post-petition amounts due through December, 2025. The parties agree that the Movant may file a Notice of Post-Petition Fees, Charges and Expenses as a supplement to the filed Proof of Claim for the above-stated amount and that same shall be deemed approved upon entry of the Order approving this Stipulation.

5. The parties agree that the allowed total secured claim of Movant for pre-petition arrearages in the amount of $105,754.23 and Post-Petition supplement in the amount of $6,443.14 will be paid, in full, through the Amended Chapter 13 Plan. The total delinquency to be paid to Movant through the Chapter 13 Plan is $112,197.37.

6. Debtors agree to remain current post-petition from this day forward. Beginning January 1, 2026, in the amount of $1,541.62, all subsequent monthly payments and late charges shall be due in accordance with the terms of the Mortgage. All payments made pursuant to this Stipulation by conduit through Debtor's Plan or by certified check or money order payable to **FREEDOM MORTGAGE CORPORATION, FREEDOM MORTGAGE / ATTN: PAYMENT PROCESSING, 11988 EXIT 5 PKWY., BLDG. 4, FISHERS, IN 46037-7939.**

7. If Debtor provide sufficient proof (front and back copies of checks or money orders) of payments made, but not already credited, the account will be adjusted accordingly.

8. Should the Debtor fail to make any of the above captioned payments, or if any regular monthly mortgage payment commencing after the cure of the post-petition delinquency is more than fifteen (15) days late, Movant may send Debtors and counsel, if applicable, a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, waiving FED. R. Bankr. P. 3002.1 and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

9. In the event the Debtors convert to a Chapter 7 during the pendency of this bankruptcy case, the Debtors shall cure all arrears within ten (10) days from the date of conversion in order to bring the loan contractually current. Should the Debtors fail to bring the loan contractually current, Movant shall send Debtors and counsel a written Notice of Default of this Stipulation. If the default is not cured within ten (10) days of the date of the Notice, Movant shall file a Certification of Default with the Court and the Court shall enter an Order granting relief from the Automatic Stay under §362 and §1301, and waiving Rule 4001(a)(4) so that the Relief Order is immediately effective and enforceable.

10. Debtors' tendering of funds subsequently returned due to insufficient funds in the account upon which the funds are drawn, shall not constitute payment as the term is used in this Stipulation.

11. The parties stipulate that Movant shall be permitted to communicate with the Debtors and Debtors' Counsel to the extent necessary to comply with applicable non-bankruptcy law.

12. The parties agree that a facsimile signature shall be considered an original signature.

13. The parties request that this Court sign and docket an Order approving the Stipulation.

Dated: December 16, 2025

*/s/ Mario Hanyon.*
Mario Hanyon, Esq.
Attorney for Movant

*/s/ Michael A. Cibik*
Michael A Cibik, Esquire
Attorney for Debtor

*/s/ Kristen Danielle Tome*
Kristen Danielle Tome
Non-filing Co-Debtor

*/s/ Doug R. Roeder*
Jack N Zaharopoulos, Esquire
Trustee